UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VIOLA J. HENLEY, | * | CIVIL ACTION |
| | * | NO. |
|         Plaintiff | * | |
| VS. | * | SECTION "   " (   ) |
| | * | |
| HOUSING AUTHORITY OF NEW ORLEANS, | * | JUDGE |
| | * | |
| | * | MAGISTRATE |
|         Defendant | * | |

**************************************

## COMPLAINT

The above-named plaintiff makes the following representations to this court to obtain judicial relief, under 42 U.S.C. § 1983 and supplemental jurisdiction, from actions taken under color of state law that have terminated her rental assistance payments under the federal Housing Choice Voucher Program – in contravention of the the United States Housing Act, the 14th Amendment of the U.S. Constitution, and the local housing authority's own administrative plan.

## Introduction

1. Defendant Housing Authority of New Orleans has terminated Viola Henley's participation in the federal Housing Choice Voucher program because two sex offender registries list her unit as the address of her 43-year-old son, an ex-offender. The housing authority claims this makes her ineligible for the program because is shows she has an unauthorized occupant in the unit (the adult son, who is not listed on her lease).

1

2. At an administrative appeal hearing the Housing Authority presented no proof that the adult son actually lives in the unit, but only showed that the son had listed Ms. Henley's address for the offender registry.

3. Plaintiff now seeks injunctive relief, because the proceeding denied Ms. Henley her informal hearing rights concerning the proposed termination of her assistance. The hearing regulations require that decisions be based on a preponderance of the evidence presented at the hearing. But there was no competent evidence presented at the hearing establishing that Ms. Henley's adult son resides with her.

4. Further, because there was no competent evidence presented at the hearing, the termination of Ms. Henley's benefits occurred without due process of law, in that she was afforded no opportunity to cross-examine the source of the evidence against her.

## Parties, Jurisdiction, and Venue

5. Plaintiff Viola J. Henley is a 63-year-old widow residing in New Orleans. She is the mother of five adult children, all of whom have reached the age of majority. Until the events at issue she had been certified to receive rental assistance under the federal Housing Choice Voucher Program since 2009.

6. Defendant Housing Authority of New Orleans is a government entity established under LSA-R.S. 40:381 et. seq., that acquires, owns, and operates conventional public housing pursuant to the United States Housing Act of 1947 and issues rental assistance under the Housing Choice Voucher Program subsequently added to that Act at 42 U.S.C. § 1437f.

7. The actions of the Housing Authority in this matter have occurred under color of state law.

8. The defendant is located in the Eastern District of Louisiana, and the events at issue occurred in the District.

9. Venue is therefore proper in this District under 28 U.S.C. § 1391(b)(1)-(2).

10. As a direct result of defendant's actions, Ms. Henley lost her housing assistance. She has suffered and will continue to suffer ongoing financial loss in the amount of the rental subsidy unless and until the assistance is reinstated.

11. Based on the facts set out in this complaint, this court has jurisdiction to hear this case under 28 U.S.C. §§ 1331, 1343(a)(3), 2201, and 2202.

## The Housing Choice Voucher Program

12. Federal law creates the Housing Choice Voucher Program, which gives rental assistance to participants based on their incomes. The program partially or wholly subsidizes the cost of housing when voucher recipients rent from private landlords who choose to participate in the program.

13. Participating landlords retain discretion as to whether to rent to any individual tenant, subject to public laws of general applicability that prohibit various forms of discrimination.

14. Once admitted to the program, a tenant's assistance can only be terminated based on specific causes, set out in the federal regulations at 24 C.F.R. §§ 982.552 and 982.553.

15. Because assistance can only be terminated for cause, it qualifies as a property right, protected by due process of law.

**Facts**

16. Ms. Henley is a 63-year-old widow who lives alone. She is the mother of five adult children. She has participated in the Housing Choice Voucher program since 2009.

17. Ms. Henley has a 43-year-old son, Mervell Henley, who has not lived with her since her participation in the program.

18. Embarrassed by his conviction, Ms. Henley's son rarely communicates with her and does not provide her with detailed information about his whereabouts. To the best of Ms. Henley's knowledge, the son has most recently been living with a girlfriend.

19. On July 18, 2012, Ms. Henley received notice from defendant Housing Authority of New Orleans (HANO) proposing to terminate her rental assistance based on having another person living in her unit with her, whose residence in the unit had not been approved by the Housing Authority, and because the alleged co-resident's criminal activity violated the obligation to refrain from criminal activity that threatens the health, safety, or right to peaceful enjoyment of other residents and neighbors.

20. Both charges were based on the fact that two sex offender websites list her unit as the residence for her adult son, Mervell Henley.

21. Ms. Henley requested an informal hearing and advised her caseworker that her son does not live with her.

22. On August 7, 2012, a hearing was conducted at the housing agency.

23. Ms. Henley testified at the hearing that her son barely visits her and that she had last seen him four months before. In addition, Michelle Domino, Ms. Henley's landlord, had testified at the hearing that she visits Ms. Henley's unit but had never observed Ms. Henley's son on the premises.

24. HANO in turn provided no evidence that Ms. Henley's son actually resided in the unit. The Authority's only witness was Ms. Henley's caseworker, Simone Moore, who read from the proposed termination letter the facts on which HANO was relying. Asked by the hearing officer if she had any more to add, Ms. Moore replied, "No."

25. The hearing officer issued a decision dated August 22 that upheld the termination of Ms. Henley's rental assistance.

26. HANO conceded in the August 22 hearing decision that Ms. Henley had not violated 20 C.F.R. § 982.551(l), which prohibits members of the recipient household from engaging in criminal activity that threatens the health, safety, or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises, since the criminal offense listed on the registry had occurred in 1995.

27. However, HANO upheld the termination of Ms. Henley's rental assistance on the other ground, that there was allegedly an unapproved person "residing" in the unit, again based on a conclusion that Mervell Henley lives in the unit, since the sex offender registry lists it as his address

28.     HANO's only citation of evidence in support of this conclusion was to reiterate in the decision that as of April 18, 2012, Ms. Henley's son had listed the unit as his address on sex offender registry.

29.     Despite Ms. Henley's testimony that the son does not reside in the unit, and the absence of any actual evidence from the Housing Authority that anyone had ever seen him there, the Authority concluded in upholding the termination of Ms. Henley's rental assistant that the son "lives with" her.

30.     Ms. Henley through counsel requested that the Housing Authority repudiate the hearing decision as authorized under 24 C.F.R. § 982.555(f)(2), as based solely on hearsay and unsupported by the competent evidence.

31.     Counsel also produced for the Housing Authority, after the hearing, a lease that Mervell Henley and another woman had entered for the period July 20, 2011 through July 2012.

32.     The defendant, through counsel, refused. The letter conveying the refusal stated that this decision had been made in consultation with HANO's administrative receiver.

33.     The affirmation of the termination of assistance and refusal to repudiate the hearing officer's decision confirm that the Housing Authority of New Orleans considers the termination to be based on the official policies of the Authority.

## FIRST CAUSE OF ACTION

**Defendant has deprived Ms. Henley of her right to a fair grievance procedure required by 42 U.S.C. § 1437d(k).**

34. The allegations of the above paragraphs are incorporated herein as if fully set forth.

35. 42 U.S.C. § 1437d(k) directs the Secretary of Housing and Urban Development in relevant part to "by regulation require each public housing agency receiving assistance under this chapter to establish and implement an administrative grievance procedure under which tenants will …(2) have an opportunity for a hearing before an impartial party… and (5) be entitled to ask questions of witnesses and have others make statements on their behalf…" 42 U.S.C. § 1437d(k).

36. Implementing this requirement, the federal regulations require that, "The person who conducts the hearing must issue a written decision, stating briefly the reasons for the decision. Factual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing." 24 C.F.R. § 982.555(e)(6).

37. While the National Sex Offender Public Website and the New Orleans Police Department OffenderWatch are publicly available documents, they do not establish that the son actually resides at the location listed.

38. Because HANO relied on this hearsay, without any competent evidence that Ms. Henley's 43-year-old son resided where listed, and rejected the competent testimony that he did not live there, Ms. Henley was not afforded any meaningful opportunity to contest the so-called evidence against her or to cross-examine any adverse witnesses.

39. By these actions HANO has deprived Ms. Henley under color of state law of her federal right to a fair grievance procedure under 42 U.S.C. § 1437d(k), and this deprivation caused and will continue to cause serious financial injury to Ms. Henley in the amount of her terminated rental assistance payments.

40. 42 U.S.C. § 1983 provides plaintiff with a right of action to enforce the statutory due process requirements of § 1437d(k).

## SECOND CAUSE OF ACTION

**Defendant has deprived Ms. Henley of property without due process of law.**

41. The allegations of the above paragraphs are incorporated herein as if fully set forth.

42. As set out above, for those participating in the program Housing Choice Voucher assistance is a property right, terminable only for cause.

43. The 14th Amendment to the U.S. Constitution requires that citizens not be deprived of their property without due process of law.

44. The Housing Authority failed to introduce any evidence showing that an unauthorized person actually resides in Ms. Henley's her unit, yet affirmed the decision to terminate her participation in the program.

45. Ms. Henley's counsel at the hearing cited a U.S. Court of Appeals decision setting out due process constraints on the extent to which administrative tribunals can rely on hearsay. *Basco v. Machin*, 514 F.3d 1177 (11th Cir. 2008), had reversed a termination of Housing Choice Voucher assistance where the state agency had relied solely on hearsay that did not sufficiently establish the facts at issue.

46. The hearing officer rejected the Eleventh Circuit's decision as non-binding persuasive authority. But his decision did not address whether Ms. Henley was being denied due process.

47. Because HANO relied on hearsay, without any competent evidence that Ms. Henley's 43-year-old son resided where listed on the registry, and rejected the competent testimony that he did not live there, Ms. Henley was not afforded any meaningful opportunity to contest or question the so-called evidence against her

48. By failing to provide adequate predeprivation process, the Authority thus deprived Ms. Henley of her property without due process of law, in contravention of the 14th Amendment, and this deprivation caused and will continue to cause serious financial injury to Ms. Henley in the amount of her terminated rental assistance payments.

49. 42 U.S.C. § 1983 provides plaintiff with a right of action to enforce the due process requirements of the 14th Amendment.

### THIRD CAUSE OF ACTION

**Defendant's Decision to Terminate Ms. Henley's Rental Assistance is Arbitrary and Capricious Under Louisiana Law**

50. The allegations of the above paragraphs are incorporated herein as if fully set forth.

51. Under 24 C.F.R. § 982.555(a)(1), a public housing authority must give each participant family an opportunity for an informal hearing to consider whether decisions to terminate assistance "are in accordance with the law, HUD regulations and PHA policies."

52. 24 C.F.R. § 982.555(e) provides: "(5) Evidence.  The PHA and the family must be given the opportunity to present evidence, and may question any witnesses.  … (6) … Factual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing."

53. The Housing Authority's own administrative plan states (at p. 152) that:

> The purpose of the informal hearing is to consider whether HANO's decisions related to the family's circumstances are in accordance with applicable requirements. For terminations, HANO will have the burden of proof to provide evidence to support the intended action.

54. The Housing Authority's administrative plan also states that:

> HANO will use the concept of preponderance of the evidence as the standard for making all termination decisions.
>
> "Preponderance of the evidence" is defined as evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, *evidence which as a whole shows that the fact sought to be proved is more probable than not*.  Preponderance of the evidence may not be determined by the number of witnesses, but by the greater weight of all evidence.
>
> … HANO will terminate assistance *if a preponderance of the evidence indicates that a household member has engaged in the activity*, regardless of whether the household member has been arrested or convicted.
>
> \*     \*     \*
>
> HANO will pursue fact-finding efforts as needed to obtain credible evidence.

HANO Administrative Plan at 163-164 (italics added).

55. Louisiana administrative law concepts allow introduction of hearsay evidence in administrative hearings, but prohibit agencies from relying on uncorroborated hearsay as the basis for administrative decisions.

56. Ms. Henley, as indicated above, was not given a meaningful opportunity to contest the so-called evidence that her son lived in the unit.

57. Because Ms. Henley presented eyewitness testimony by herself and her landlord tending to disprove that the son physically resided with her – while HANO merely cited hearsay evidence that her son had previously listed the unit as his address – HANO has failed to demonstrate by an acceptable preponderance of the evidence that an unapproved family member was occupying the unit, and Ms. Henley was thus entitled as a matter of law to have her assistance reinstated.

58. Because HANO upheld the termination of Ms. Henley's assistance payments without producing any evidence showing her son actually lived in the unit – in contravention of both federal regulations, state law, and the Authority's own administrative plan – the Authority's decision must be found arbitrary and capricious under Louisiana law.

59. Pursuant to 28 U.S.C. § 1367(a), this court has jurisdiction to review whether the decision issued was arbitrary and capricious under Louisiana law.

**RELIEF REQUESTED**

WHEREFORE, the plaintiff prays that the Court:

1) Allow her to proceed *in forma pauperis* in this matter;

2) Recognize its jurisdiction over the action;

3) On motion, grant a preliminary injunction ordering the defendant to reinstate plaintiff's rental assistance until there has been full and fair determination on the merits of this action;

4) Issue a declaratory judgment that the termination of assistance and informal hearing decision violated federal and state law;

5) After due proceedings, order plaintiff's Housing Choice Voucher rental assistance be reinstated;

6) Award plaintiff equitable restitution for the value of the rental assistance lost based on the unlawful termination decision;

7) Award plaintiff's counsel, on prevailing, reasonable attorney's fees and costs under 42 U.S.C. § 1988 and 28 U.S.C. § 1920; and

8) Grant such other relief as may be just and proper.

Respectfully submitted,

SOUTHEAST LOUISIANA LEGAL SERVICES

By:__/s/David Williams_____
David H. Williams, Bar No. 17867 (T.A.)
1010 Common Street, Suite 1400A
New Orleans, Louisiana 70112
Telephone: (504) 529-1063
dwilliams@slls.org
Fax: (504) 596-2241

Attorneys for Plaintiff