UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| VIOLA J. HENLEY,<br><br>    Plaintiff<br><br>vs.<br><br>THE HOUSING AUTHORITY OF<br>NEW ORLEANS,<br><br>    Defendant. | No.:        12-cv-02687<br>Section:    "I" (2)<br><br>Judge:        Lance M. Africk<br>Magistrate: Joseph C. Wilkinson, Jr. |

**HANO'S OPPOSITION TO THE
PLAINTIFF'S MOTION FOR A NEW TRIAL**

**NOW INTO COURT,** through undersigned counsel, comes Defendant Housing Authority of New Orleans (hereinafter "HANO"), and files this opposition to the Plaintiff's Motion for a New Trial. [Rec. Doc. 20].

**I.    SUMMARY OF FACTS AND PROCEDURAL HISTORY**

HANO is a public housing authority. Viola Henley ("Plaintiff" or "Plaintiff Henley") was a participant in the Section 8 program administered by HANO. HANO terminated Plaintiff Henley's participation in the program in September 2012 because of an unauthorized occupant in her unit. Thereafter, Plaintiff Henley filed the instant case in which she argued that HANO's use of information from the Dru Sjodin National Sex Offender Public Website and the New Orleans Police Department's sex offender website OffenderWatch was unreliable hearsay that could not

be used to show the presence of an unauthorized occupant in her unit, and violated her right to a fair grievance procedure. [Rec. Doc. 1].

After the parties filed cross-motions for summary judgment in this case, [Rec. Docs. 8 and 9], the Court granted HANO's motion for summary judgment and denied the Plaintiff's motion for summary judgment on May 1, 2013. [Rec. Doc. 19]. *See*, *Henley v. Housing Authority of New Orleans*, No. 12-2687, 2013 U.S. Dist. LEXIS 62255 (E.D. La. May 1, 2013). On May 29, 2013, Plaintiff Henley sought to reverse the Court's judgment in this case by filing her Motion for a New Trial. [Rec. Doc. 20]. HANO opposes the Plaintiff's Motion for a New Trial because it does nothing more than re-litigate a judgment that was resolved to the Plaintiff's dissatisfaction.

## II.    LEGAL STANDARD

"When a litigant seeks reconsideration of an order granting the opposition's motion for summary judgment, the proper vehicle for doing so is a Rule 59(e) motion to alter or amend the judgment, rather than a motion for new trial." *Corey v. Deepwater Specialists, Inc.*, No. 10-3354, 2013 U.S. Dist. LEXIS 77551, **4-5 (E.D. La. June 3, 2013)*. "Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Knight v. Kellogg Brown & Root, Inc.*, No. 06-11164, 2008 U.S. Dist. LEXIS 93979, *3 (E.D. La. Nov. 7, 2008), *Voisin v. Tetra Technologies, Inc.*, No. 08-1302, 2010 U.S. Dist LEXIS 106966, *8 (E.D. La. Oct. 6, 2010).

A motion to alter or amend a judgment under Fed.R.Civ.Pro. Rule 59 "calls into question the correctness of a judgment," but it "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-479 (5th Cir. 2004). A motion to alter or amend "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id*. Manifest errors are those that are "plain and indisputable, and that amount[] to a complete disregard of the controlling law." *Corey*, 2013 U.S. Dist. LEXIS 77551 at *5.

The Fifth Circuit has directly stated that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. Thus, "[w]hile the district courts do have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment,' denial of Rule 59(e) motions to alter or amend is favored." *Corey*, 2013 U.S. Dist. LEXIS 77551 at *5, *internal citations omitted*. *See also*, *Voisin*, 2010 U.S. Dist LEXIS 106966 at *8 ("A Rule 59(e) motion should not be used to re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction.")

### III. THE PLAINTIFF'S MOTION IS MERELY RE-LITIGATING LEGAL ARGUMENTS THAT WERE RESOLVED TO HER DISSATSIFACTION

Of the four grounds upon which a Rule 59(e) motion can be granted, Plaintiff Henley relies in her motion upon an alleged manifest error of law by this Court [Rec. Doc. 20-1 at p.3], and an alleged intervening change in controlling law. [Rec. Doc. 20-1 at pp.3-8].

**A.    There has been no intervening change in controlling law since this Court entered its Judgment of May 1, 2013.**

As to the alleged intervening change in controlling law, the Plaintiff notes that the *Lane* case from the Northern District of Florida that is used by this Court for support to its' Judgment dated May 1, 2013, *see*, *Henley*, 2013 U.S. Dist. LEXIS 62255 at \*\*17-18, *citing*, *Lane v. Fort Walton Beach Housing Authority*, No. 11-374, 2011 U.S. Dist. LEXIS 133658 (N.D. Fla. Nov. 18, 2011), was reversed on appeal to the Eleventh Circuit. [Rec. Doc. 20-1 at p.3], *citing*, *Lane v. Fort Walton Beach Housing Authority*, No. 11-15983, 2013 U.S. App. LEXIS 10035 (11th Cir. May 20, 2013). However, as conceded by the Plaintiff, [Rec. Doc. 20-1 at p.3], the Eleventh Circuit did not reach the central issue of this case: a determination of whether the information from the sex offender websites that was presented by HANO at the Plaintiff's hearing for termination of benefits contained sufficient indicia of reliability and probative value to support a decision of termination. *Compare*, *Henley*, 2013 U.S. Dist. LEXIS 62255 at \*12 (The "dispositive legal question" is "whether HANO could meet its burden of proving a violation of the HCVP rules based solely on the hearsay statements.") and *Lane*, 2013 U.S. App. LEXIS 10035 at \*\*16-17 ("The issue here is whether the Lanes' complaint has adequately alleged a 'constitutionally-inadequate process.'"), *citation omitted*.

The *Lane* case, because it addresses a different legal question and is from a court outside the Fifth Circuit, does not change the law that controls this Court's judgment in this case. Indeed, the Eleventh Circuit's opinion in *Lane* expressly states that the principle of law that controls this Court's judgment in this case is still good law to this day. *Compare*, *Henley*, 2013 U.S. Dist. LEXIS 62255 at \*12 ("[A]n adverse administrative determination may be based on hearsay evidence."), *citing*, *Basco v. Machin*, 514 F.3d 1177, 1182 (11th Cir. 2008) and *Lane*,

2013 U.S. App. LEXIS 10035 at **22-23, ("[H]earsay may appropriately be introduced into evidence and may form the basis for a decision in an administrative proceeding."), *citing*, *Basco*, 514 F.3d at 1182.  Thus, there has been no intervening change in controlling law.  The law stands today just as it did when the Court entered its judgment, and therefore, the Plaintiff's Motion for a New Trial cannot be granted on the grounds that there has been a change in the law.[1]

### B. The judgment of this Court does not contain a manifest error of law.

In her next argument, the Plaintiff asserts that the Court made a manifest error of law in misapplying "the second of four factors that hearsay must meet" under the Fifth Circuit precedent of *School Board of Broward County v. Dept. of Health, Education and Welfare*, 525 F.2d 900, 906 (5th Cir. 1976), when it was deciding the question of whether the hearsay evidence from the sex offender websites contained sufficient indicia of reliability and probative value to support a decision of termination in this case.  [Rec. Doc. 20-1 at pp.3-7].  To begin with, the "the second factor" of *School Board of Broward County* requires the hearsay evidence to be "available prior to the hearing," and allows the parties the ability to subpoena "the out of court declarants" of the hearsay.  *School Board of Broward County*, 525 F.2d at 907.

The Plaintiff asserted in her Motion for Summary Judgment and in her Response/Memorandum in Opposition to HANO's Motion to Dismiss, the argument that the out of court declarant, Mervell Henley, was unavailable to her prior to the termination hearing.  [Rec. Doc. 9-2 at pp.6-13 and Rec. Doc. 12 at pp.1-2].  In acknowledging this argument from the

---

[1] Moreover, the *Lane* case is in the Eleventh Circuit.  Therefore, even if the Eleventh Circuit had rejected its longstanding holding in *Basco*, *supra*, that hearsay evidence may be used as probative evidence in an administrative proceeding, such a theoretical holding would be non-binding authority on this Court.

Plaintiff, this Court specifically noted that the Plaintiff was afforded the opportunity to "come forward with mail or other hearsay evidence of her own" from Mervell Henley, *Henley*, 2013 U.S. Dist. LEXIS 62255 at *15; that the Plaintiff did in fact, "eventually [come] forward with a lease agreement signed by Mervell," *id.*; and that the Plaintiff "could have contacted the probation and parole officer at the telephone number listed on the sex offender registry." *Id*. After noting these facts, this Court then went on to reject the Plaintiff's argument concerning "the second factor" of *School Board of Broward County* in the context of this case, stating, in sum, that the "Fifth Circuit has not held that the subpoena power is a sacred requirement of the reliability inquiry." *Id*. And, in addition, this Court also noted that even though "[t]he parties have not raised the related question of whether Ms. Henley's right to confront adverse witnesses includes an automatic right to cross examine hearsay declarants," it addressed and rejected this unasked question "[i]n the context of this case." *Id*., at 15, n.28.

Simply put, and despite the Plaintiff's claim in the Motion for a New Trial to the contrary, this Court did in fact decide the argument made by the Plaintiff that the lack of subpoena power over the out of court declarant in accordance with *School Board of Broward County*. *Henley*, 2013 U.S. Dist. LEXIS 62255 at *15. Indeed, this Court even went further than asked by the Plaintiff and addressed the Plaintiff's ability to confront out of court declarants from the additional standpoint of a party's right to cross examination, and applied the appropriate law when deciding this issue that was not raised by the parties. *Id*., at 15, n.28. Thus, there was no manifest error of law by this Court in its' judgment of May 1, 2013.[2]

---

[2] Similarly, the Plaintiff also attempts to re-litigate the argument from her Motion for Summary Judgment that reports from sex offender registries are inherently unreliable. [Rec. Doc. 9-2 at pp.10-13 and Rec. Doc. 20-1 at pp.7-8]. Once again, because this Court has already addressed the Plaintiff's argument and decided that the requirements for registration with the sex offender

A Rule 59(e) motion to alter or amend the judgment "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments," *Templet*, 367 F.3d at 478-479, and "should not be used to re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin*, 2010 U.S. Dist LEXIS 106966 at *8. The Plaintiff has previously asserted all of the arguments that appear in her Motion for a New Trial and the Court already has decided them in accordance with the controlling law. Thus, the Motion for a New Trial should be denied.

IV. **CONCLUSION**

For the foregoing reasons showing that there has been no intervening change in controlling law under which this case was decided, and showing that this Court did not make a manifest error of law in deciding the arguments presented by the parties, the Motion for a New Trial should be denied.

Dated: June 11, 2013                    Respectfully submitted,

                                                               /s/Kevin L. Oufnac
Kevin L. Oufnac (LSBA No. 23887)
Staff Counsel, Housing Authority of New Orleans
4100 Touro Street
New Orleans, LA 70122
Telephone: (504) 670-3492
Facsimile: (504) 286-8789

Robert B. Barbor, General Counsel
Housing Authority of New Orleans

---

registries "ensure a greater degree of reliability and probative force than the uncorroborated hearsay statements that were rejected in the cases relied upon by plaintiff," *Henley*, 2013 U.S. Dist. LEXIS 62255 at **18-19, this additional, re-alleged argument also should be denied.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY, that on June 11, 2013 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system which will send such notification of same to all CM/ECF parties and/or attorneys of record.

                                                                                                 /s/Kevin L. Oufnac
                                                                                                 Kevin L. Oufnac